Daniel Dean **SHEETS,** Plaintiff–Appellant,

v.

Cal A. **TERHUNE,** Director; et al., Defendants–Appellees.

No. 04–16058.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 20, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.
* The panel unanimously finds this case suitable

Daniel Dean Sheets, Federal Correctional Institution, Pekin, IL, pro se.

G. Michael German, Esq., AGCA—Office of The California Attorney General, San Diego, CA, Morris Lenk, Esq., San Francisco, CA, James M. Humes, Esq., for Defendants–Appellees.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Daniel Dean Sheets, formerly an inmate at various California prisons, appeals pro se the district court's dismissal of his action without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for reconsideration in light of intervening case law.

Sheets alleges that law enforcement officers instructed him not to file grievances on certain claims and that he feared retaliation if he were to file grievances. He contends that, under these circumstances, administrative remedies were not "available." *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted.") (emphasis added).

The district court decided this case before our decision in *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir.2005), which discusses the defendant's burden to prove that further administrative remedy is "available." *See also Ngo v. Woodford*, 403 F.3d 620, 625 (9th Cir.2005) (recognizing that a

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

prisoner satisfied the exhaustion requirement by showing his grievance had been rejected as untimely because he "could go no further in the prison's administrative system; no remedies remained available to him").

Accordingly, we vacate the order of dismissal and remand to the district court to consider defendants' motion to dismiss in light of intervening case law.

VACATED and REMANDED.